▪ HANNAH EHRLICH, Appellant, v. AMERICAN MONINGER GREENHOUSE MANUFACTURING CORPORATION et al., Respondents.— Order entered March 15, 1968, herein appealed from, denying plaintiff's motion for summary judgment pursuant to CPLR 3213, unanimously reversed on the law, with $50 costs and

disbursements to plaintiff-appellant, and the motion is granted, without prejudice to any action defendant might be advised to take upon the counterclaim alleged in his affidavit. The defendant does not deny execution of the note by the corporate defendant (signed by him as secretary thereof), nor that he personally guaranteed payment of the demand note which was in the amount of $40,000. The money was actually given to the defendant corporation by a check drawn by plaintiff dated May 22, 1961. It is not disputed that payments of interest and partial payments of principal were made. In his affidavit the individual defendant asserts that the note was given without consideration therefor and that the moneys represented an investment rather than a loan, such investment having been orally agreed upon by defendant and his brother, plaintiff's deceased husband. Documentary evidence indicates this was a loan. The defense of a parol agreement cannot be availed of to vary the definite terms of the instrument (*Berger* v. *Milberg,* 28 A D 2d 978; *Lewmi Fin. Corp.* v. *Richter,* 17 N Y 2d 166). Moreover, it is doubtful that any testimony as to the alleged oral agreement would be admissible in evidence (CPLR 4519). Aside from the fact that the note recites value received the record supports a conclusion that plaintiff forbore bringing an earlier action against defendants at defendants' request because of the precarious financial condition of the corporation. Summary judgment is granted as above indicated. Concur — Stevens, P. J., Eager, Capozzoli and McGivern, JJ.